SEALED

**FILED**

SEP 2 8 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES, ADDITION OF CALLER IDENTIFICATION SERVICE, AND DISCLOSURE OF BILLING AND SUBSCRIBER INFORMATION FOR PHONE NUMBER 916-429-5809 | 2: 1 8 - SW -  8 3 1   **AC**<br><br>**Filed Under Seal** |

## ORDER

Justin L. Lee, Assistant United States Attorney for the Eastern District of California ("the applicant"), has submitted an application on behalf of the United States, pursuant to 18 U.S.C. §§ 3122-24 and 18 U.S.C. § 2703(d), requesting that the Court issue an order authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") on cell phone number 916-429-5809 (the "target cell phone"), the disclosure of historical records, and other dialing, routing, signaling, and subscriber information that may be associated with communications to or from the target cell phone, as described in Attachment A to this Order. The Court finds:

  1.  The applicant is an attorney for the government and has certified that the information likely to be obtained from such installation and use is relevant to an ongoing

1  criminal investigation being conducted by the Federal Bureau of Investigation ("FBI") in

2  connection with possible violations of 18 U.S.C. § 1591 (sex trafficking by means of force,

3  threats, fraud, or coercion).

4      2.    The United States has offered specific and articulable facts showing that

5  there are reasonable grounds to believe that the records or other information sought are

6  relevant and material to the same ongoing criminal investigation.

7      3.    There is reason to believe that notifying any other person, including the

8  subscriber of the target cell phone, of the existence of this application and Order, the

9  resulting pen-trap devices, or this investigation, except as necessary to effectuate the

10  Order, will seriously jeopardize the ongoing investigation.

11      **IT IS THEREFORE ORDERED**, pursuant to 18 U.S.C. §§ 3123-24, that the

12  applicant and the federal law enforcement agency conducting the investigation, for a

13  period of sixty days from the date of installation of the pen-trap devices, install and use

14  pen-trap devices to collect dialing, routing, addressing, signaling, and subscriber

15  information for each communication to or from the target cell phone, as described in

16  Section II of Attachment A, without geographic limit.

17      **IT IS THEREFORE ORDERED**, pursuant to 18 U.S.C. § 2703(d), that T-Mobile

18  shall, within ten days of the date of this Order, disclose to the United States the records

19  and other information described in Section II(A) of Attachment A to this Order.

20      **IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. §§ 2703(c)-(d) and 18

21  U.S.C. §§ 3122-24, the applicant and the federal law enforcement agency conducting the

22  investigation are authorized to acquire, during the same sixty-day period, all information

23  requested in Section II(B) of Attachment A, anywhere within the United States.

24      **IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. §§ 3123(b)(2) and

25  3124(a)-(b), T-Mobile and any other person or entity providing wire or electronic

26  communication service in the United States whose assistance may facilitate the execution

27  of this Order shall, upon service of this Order, furnish information, facilities, and technical

28  assistance necessary to install and operate the pen/trap devices, including installation and

1    operation of the pen/trap devices unobtrusively and with minimum disruption of normal

2    service. T-Mobile shall, upon request of the application or the federal law enforcement

3    agency conducting the investigation, provide continuing service to the target phone that

4    has been, or would otherwise be, suspended or terminated for customer/subscriber

5    nonpayment.

6        **IT IS FURTHER ORDERED** that this authorization for the installation and use

7    of pen/trap devices apply not only to the unique identifier listed above for the target cell

8    phone, but also to any changed telephone number or unique hardware or network

9    identities assigned to the target cell phone in the sixty days succeeding the date of this

10   order.

11       **IT IS FURTHER ORDERED** that the federal law enforcement agency conducting

12   the investigation reasonably compensate T-Mobile and any other person or entity whose

13   assistance facilitates execution of this Order for reasonable expenses incurred in

14   complying with this Order, including continuation of services.

15       **IT IS FURTHER ORDERED** that the federal law enforcement agency conducting

16   the investigation and the applicant have access to the information collected by the pen-

17   trap devices as soon as practicable, twenty-four hours per day, or at such other times as

18   may be acceptable to them, for the duration of the Order.

19       **IT IS FURTHER ORDERED** that T-Mobile and any other person or entity whose

20   assistance may facilitate execution of this Order notify the applicant and federal law

21   enforcement agency conducting the investigation of any changes relating to the target cell

22   phone, including changes to subscriber information, and provide prior notice before

23   terminating or changing service to the target cell phone.

24       **IT IS FURTHER ORDERED** that T-Mobile and any other person or entity whose

25   assistance facilitates execution of this Order, and their agents and employees, not disclose

26   in any manner, directly or indirectly, by any action or inaction, including to the subscriber

27   of the target cell phone, identified above, the existence of this application and Order, the

28   resulting pen-trap devices, or the underlying investigation, except as necessary to

1   effectuate the Order, unless and until authorized by this Court. *See* 18 U.S.C. § 2705(b)

2   and 18 U.S.C. § 3123(d)(2).

3       **IT IS FURTHER ORDERED** that this Order and the application for this Order be

4   sealed until further order of this Court.

5

6   Dated:   9/28/18

7

8   _____
        Hon. ALLISON CLAIRE

9       UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

**I.    The Target Cell Phone**

The Order applies to information associated with **(916) 429-5809** cell phone number (the "target phone").

**II.   Information to Be Collected Pursuant to 18 U.S.C. § 2703(d)**

T-Mobile and any of its subsidiaries and affiliates is required to disclose the following records and other information, if available, to the United States for the target phone for the past 60 days:

A. The following information about the subscribers of the target phone:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone  or other connection or session authentication records;

4. Call Detail Records to include but not limit to, session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses and source port) associated with those sessions, voice, push to talk, non-content text message incoming and outgoing, SMS, MMS, data sessions, PCMD – Per Call Measurement Data, packet data activity records and any other stored records pertaining to packet data transmission;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Equipment Identifier ("MEID"), Mobile Station or Identification Numbers ("MSID" or "MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

7.  Other subscriber numbers or identities (including the registration IP address or mobile operating system identities (e.g. Android or Apple device or account identity); and

8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

**III.   Information to Be Collected Pursuant to 18 U.S.C. §§ 3122-24**

All call detail records pertaining to dialing, routing, addressing and signaling information associated with each communication to and from the target phone, including, but not limited to:

A.  Any unique identifiers associated with the cell phone or accounts used in a mobile operating system (e.g. Android or Apple device or account identity), including ESN, MEID, MSISDN, IMSI, IMEI, SIM, or MSID/MIN;

B.  Source and destination telephone numbers and email addresses;

C.  Source and destination subscriber names and addresses;  and

D.  Date, time and duration of all communications.